OPINION
{¶ 1} The plaintiff-appellant, Orthopedics and Sports Medicine, Inc. ("OSMI"), appeals the judgment of the Logan County Common Pleas Court granting summary judgment in favor of the defendant-appellee, R. Mark Stover, D.O. ("Stover").
 {¶ 2} Stover is an orthopedic surgeon, and he was an employee of and shareholder in OSMI. As part of his employment with OSMI, Stover executed an Employment Agreement and a Buy-Sell-Redemption Agreement, both of which contained covenants not to compete ("covenants"). The covenants barred Stover from practicing medicine or surgery at Doctors Hospital West, located in Columbus, Ohio, and Memorial Hospital of Union County ("Memorial Hospital"), located in Marysville, Ohio.
 {¶ 3} On or about April 23, 2004, Stover resigned from OSMI, effective October 8, 2004. On May 25, 2004, OSMI terminated Stover effective July 31, 2004. In August 2004, Stover opened an office in Marysville where he practiced orthopedic surgery. He also practiced orthopedic surgery at the Marysville Surgical Center and continued to work as Chief of Surgery and on the staff at Memorial Hospital. OSMI filed a complaint against Stover in Union County Common Pleas Court, case number 04-CV-229 (the "Union County case"). OSMI amended its complaint on October 22, 2004 alleging violation of the covenants, breach of contract, and breach of fiduciary duty. OSMI sought damages in the amount of 1.6 million dollars and "attorneys fees, costs and all other of the [sic] relief as the court deems just." Mot. for Summ. J., Jun. 23, 2005, at Ex. A, ¶ 19(b). OSMI moved for "summary judgment on the grounds `that as a matter of law orthopedic surgery may not be practiced at the Marysville Surgical Center[.]'" Id. at Ex. B, 1. Stover also moved for summary judgment, arguing that the covenants were unenforceable as a matter of law. Id.
 {¶ 4} The Union County Common Pleas Court filed a decision and judgment entry granting partial summary judgment in favor of each party. The trial court granted injunctive relief to OSMI and prohibited Stover from practicing medicine and surgery at Memorial Hospital (and Doctors Hospital West). Id. at Ex. B, 8. The trial court also enjoined Stover from continuing as the Chief of Surgery at Memorial Hospital. Id. However, the trial court held that Stover could practice medicine and surgery at his own office and at the Marysville Surgical Center. Id. at Ex. B, 8-9. The trial court did not award compensatory damages to OSMI because it had "failed to show irreparable damages, in that filed documentation of incomes has not declined since Dr. Stover was terminated." Id. at Ex. B, 8. The court certified its judgment as final, and neither party appealed.
 {¶ 5} On May 27, 2005, OSMI filed its complaint in the instant matter in the Logan County Court of Common Pleas. The complaint alleged "[b]etween August 2004 and March 2005, Defendant Stover performed services in competition with OSMI at Memorial Hospital of Union County." OSMI sought damages in the amount of $1,911,546.00 for breach of contract based on the covenants. Stover filed a motion for summary judgment in his favor arguing OSMI is collaterally estopped from seeking damages in a different court on the same issue after it was granted injunctive relief, and specifically denied compensatory damages, in the Union County case. OSMI filed a memorandum in opposition to Stover's motion arguing a "well established exception" to collateral estoppel. OSMI contends:
it was not sufficiently foreseeable at the time of the initialaction that the issue of damages would arise in the context inwhich it is raised here. * * * Notwithstanding, a claim fordamages the trial judge awarded partial equitable relief whilealso having found a breach of contract by Dr. Stover. Thisaction is for Dr. Stover's breach of contract, a different causeof action than was raised previously and at a point that it wasnot foreseeable that the claim would arise in this context.
(emphasis added). The trial court granted Stover's motion for summary judgment on October 25, 2005 finding that OSMI had not shown a "clear and convincing need" for a new determination of the issue. The trial court stated, "[t]his Court does not see how the new claim is in a different context than the old claim." J. Entry, Oct. 25, 2005, at 3. OSMI appeals the judgment of the Logan County Common Pleas Court and asserts the following assignment of error:
The trial court erred when it dismissed, with prejudice, theclaim of Orthopedics and Sports Medicine, Inc. (OSMI) on groundsof res judicata.
 {¶ 6} A trial court's grant of summary judgment is reviewed de novo on appeal. Lorain Nat'l Bank v. Saratoga Apts. (9th
Dist. 1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. Therefore, summary judgment will be affirmed only when there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." Civ.R. 56(C).
 {¶ 7} The moving party may file its motion for summary judgment "with or without supporting affidavits[.]" Civ.R. 56(A). However, "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,526 N.E.2d 798, syllabus. Once the moving party demonstrates it is entitled to summary judgment, the burden shifts to the non-moving party to show why summary judgment is inappropriate. See Civ.R. 56(E). If the non-movant fails to respond, or fails to support its response with evidence of the kind required by Civ.R. 56(C), the court may enter summary judgment in favor of the moving party. Id. Otherwise, summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the non-movant. Murphy v. Reynoldsburg,65 Ohio St.3d 356, 360, 1992-Ohio-95, 604 N.E.2d 138.
 {¶ 8} The Ohio Supreme Court has held that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v.Parkman, 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226, at syllabus. The matter before us a classic example of claim preclusion pursuant to Grava, supra. A valid, final judgment was entered in the Union County case, which involved the same parties, the same covenants, and the same claim for breach of contract concerning Stover's employment at Memorial Hospital. In its memorandum in opposition to Stover's motion for summary judgment, OSMI admits that Stover was found to be in breach of his contract in the Union County case. Apparently, OSMI's "clear and convincing need for a new determination" stems from the trial court's grant of injunctive relief rather than compensatory damages. However, the Union County Common Pleas Court specifically found that OSMI had produced no evidence that it had suffered monetary damages. Furthermore, OSMI requested whatever relief the trial court deemed equitable in its amended complaint in the Union County case, and it failed to file a direct appeal in that matter. We cannot see how the claims in this case vary from the issues litigated in Union County. The sole assignment of error is overruled.
 {¶ 9} The judgment of the Logan County Common Pleas Court is affirmed.
Judgment Affirmed.
 Rogers and Shaw, JJ., concur.